David M. Christy, Esq. Village Attorney, Lewiston
You have asked several questions about the status and powers of your village policemen.
Your research of village records indicates that apparently under section 188 of the former Village Law (in effect until September 1, 1973), the village appointed a patrolman and a chief of police and continued to fill these positions for some time. While you are uncertain of the exact dates, you indicate that the village began passing resolutions to take action on behalf of the village "police department". These resolutions dealt with the adoption of budgets, purchase of equipment, disciplinary matters and appointments to the position of patrolman in the village "police department". You have asked that we assume that the village has never taken action calling for the establishment of a police department. In a telephone conversation you informed us that the village has expanded the number of patrolmen to around ten and has added the offices of corporal and sergeant. You question whether the police positions have been lawfully established and ask whether the village policemen have the status of police officers or peace officers.
Without exact dates depicting when actions were taken by the village and without the benefit of reviewing the resolutions in question, we lack the facts necessary to provide you with a definitive response. However, you have asked that we provide general guidance based upon the information presented. Under section 188 of the former Village Law of 1909, as amended through August 31, 1972, the village board of trustees or police commissioners were authorized to appoint "one or more village policeman, one of whom may be designated as chief of police". The section further provided that:
 "No person shall be permanently appointed a member of such police force unless he shall have passed an examination held by the appropriate civil service commission, and unless at the time of his appointment his name shall be on the eligible list of such civil service commission." (Emphasis supplied.)
Under the former Village Law, there was also an authorization for certain villages (of which yours is one) to establish by resolution a police department (Village Law of 1909, § 188-a). Effective on September 1, 1973, the Village Law of 1909 was replaced by the current Village Law. The authorization to establish a police department was continued under the current Village Law (§ 8-800), but the authorization to appoint "one or more village" policemen was omitted. A police department established under section 188-a of the former Village Law could only be abolished by the voters whereas there was no such requirement regarding policemen employed under section 188 of such law. Police departments established under the current Village Law can be abolished only by local law, subject to permissive referendum (Village Law, § 8-800).
The current Village Law contains a savings clause that preserves the validity of any local laws, ordinances or resolutions adopted under the former Village Law (§ 23-2200). Therefore, we believe that those positions established under section 188 of the former Village Law would be preserved by section 23-2200 and that persons properly holding these positions or properly appointed to these positions on or after September 1, 1973 would be lawfully employed (see 1974 Op Atty Gen [Inf] 253).
It is likely, based upon the information provided, that at some point in time your village policemen became members of a police department. Both section 188-a of the Village Law of 1909 and section 8-800 of the current Village Law authorize the establishment of a police department by resolution. We believe that absent a resolution that specifically establishes a police department, one can be established as a result of a resolution or series of resolutions creating the attributes of a department. Your village has over time increased police manpower and has added various supervisory positions. While section 188-a of the former Village Law authorized the establishment of a police department including the positions of chief of police, captain, lieutenant, sergeant and patrolman, section 188 authorized the appointment of one or more village policemen and the designation of one policeman as the chief of police. Resolutions have been adopted referring to a police department. While it is a question of fact whether a police department has been established, we believe that one can be created in this manner, and the officers would be lawfully employed as police officers of a police department. Since only a resolution is required by law to establish a police department, these actions by resolution would seem to meet the procedural requirements for establishment of a police department.
Your next question is whether your officers are peace officers or police officers. Policemen employed under section 188 of the former Village Law are referred to as members of a police force. Officers employed under section 188-a of such law or under section 8-800 of the present Village Law are members of a police department. A sworn officer of an authorized police department or force of a village is included in the definition of a "police officer" (Criminal Procedure Law, § 1.20[34][d]). Therefore, whether your village's officers are members of a police department or force, they are "police officers".
We conclude that under the Village Law of 1909, village policemen could be employed or a police department could be established. Village police positions established under the Village Law of 1909 are preserved by the savings clause of the current Village Law. A village police department may be established by resolution. Officers of a village police department or force are police officers.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.